1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ONAN HERNANDEZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No.:  16-cr-1963-L

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [DOC. 27]**

Petitioner Onan Hernandez, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, § 2255 (the "Petition"). (*See Petition* [ECF NO. 27].)  Respondent United States of America opposes.  (*See Opposition* [ECF NO. 33.)  For the reasons discussed below, the Court **DENIES** the Petition.

I.     **BACKGROUND**

On August 6, 2016, U.S. Border Patrol Agents arrested Petitioner approximately one and a half miles north of the United States/Mexico International boundary after Petitioner admitted he was a citizen of Mexico illegally present in the United States. A

1

1 records check revealed Petitioner's prior criminal history and removal from the U.S. on

2 March 5, 2013. Petitioner was charged with illegal reentry of a removed alien, in

3 violation of 8 U.S.C. § 1326, and he was arraigned on a one count information on

4 September 1, 2016. [ECF NO. 11, 12.]

5 On October 7, 2016, Petitioner pleaded guilty pursuant to a plea agreement. (*See*

6 Plea Agreement [Doc. 20].) As part of the plea agreement, Petitioner agreed to waive his

7 right to appeal and collaterally attack his conviction and sentence. (*See id.* at ¶ XI.) On

8 December 19, 2016, this Court sentenced Petitioner to 37 months in custody followed by

9 three years of supervised release. (*See Judgment* [Doc. 25].)

10 On March 23, 2017, Petitioner filed the current motion pursuant to section 2255.

11 On August 21, 2017, Respondent filed a response in opposition.

12 **II.  LEGAL STANDARD**

13 Under 28 U.S.C. § 2255, a federal sentencing court is authorized to discharge or

14 re-sentence a defendant if it concludes that "the sentence was imposed in violation of the

15 Constitution or laws of the United States, or that the court was without jurisdiction to

16 impose such sentence, or that the sentence was in excess of the maximum authorized by

17 law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.

18 The remedy available under § 2255 is as broad and comprehensive as that provided

19 by a writ of habeas corpus. *See United States v. Addonizio*, 442 U.S. 178, 184-85 (1979).

20 But this remedy does not encompass all claimed errors in conviction and sentencing. *Id.*

21 at 187.  A mere error of law does not provide a basis for collateral attack unless the

22 claimed error "resulted in a complete miscarriage of justice or in a proceeding

23 inconsistent with the rudimentary demands of fair procedure."  *Hamilton v. United States*,

24 67 F.3d 761, 763-64 (9th Cir. 1995) (quoting *United States v. Timmreck*, 441 U.S. 780,

25 783-84 (1979)).

26 A defendant can waive the right to collaterally attack his conviction and sentence if

27 the waiver is knowingly and voluntarily made. *United States v. Leniear*, 574 F.3d 668,

28

2

672 n.3 (9th Cir. 2009). However, a defendant may collaterally attack his sentence via §2255 if he raises a claim of ineffective assistance of counsel. *United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir. 1993).

## III.  DISCUSSION

Petitioner raises three grounds for relief in his Petition: (1) he contends his sentence was unreasonable and excessive because the Court used the 2015 Sentencing Guidelines and therefore he did not receive the benefit of the 2016 Sentencing Guideline Amendments, and; (2) he received ineffective assistance of counsel because his attorney did not respond to requests for his record, and allowed the aforementioned errors to occur; and (3) the Court imposed his sentence for offenses that Petitioner may have previously committed in addition to the offenses at bar.  (*Pet.* at 7-8).

Respondent argues that the Court applied the correct sentencing guidelines, Petitioner's ineffective assistance of counsel must fail because he has not provided sufficient factual support, and there is no evidence in the record that the Court relied on offenses other than those charged in the present case.  (*Oppo.* at 4, 8, 9).

### A.    *Sentencing Guidelines*

A sentencing court looks to the application instructions of § 1B1.1 of United States Sentencing Commission Guidelines Manual to determine the guideline ranges. U.S.S.G. §1B1.1. From there the court must refer to the rules set forth in §1B1.2 for determining the guideline range as applicable to the offense conduct, which is illegal re-entry in the present case.  U.S.S.G. § 1B1.2.  Under the Sentencing Guidelines, a court must use the Guidelines Manual in effect on the date that the defendant is sentenced unless doing so would violate the *ex post facto* clause of the United States Constitution, in which case the court is directed to use the Manual in effect on the date the offense of conviction was committed. U.S.S.G. § 1.B1.11; *Dorsey v. United States*, 567 U.S. 260, 265 (2012)("Although the Constitution's Ex Post Facto Clause, Art. I, § 9, cl. 3, prohibits

3

1  applying a new Act's higher penalties to pre-Act conduct, it does not prohibit applying

2  lower penalties.")

3      Petitioner contends that the Court erroneously applied the 2015 Sentencing

4  Guidelines despite the fact that his sentencing took place in December 2016 after

5  amendments were enacted which would have had a mitigating effect on his sentence.

6  (*Pet*. 7).  The Government filed two sentencing charts in Petitioner's case, one which

7  applied the 2015 Sentencing Guidelines and one which applied the 2016 Sentencing

8  Guidelines.  (Gov't Sentencing Summary Chart).  The 2015 Guideline Range resulted in

9  a sentencing range of 37-46 months, which was more favorable than the 2016 Range,

10 which recommended a 57-71 month sentence range.

11     During the sentencing hearing, the Court initially applied the 2016 Guidelines,

12 however, defense counsel objected to the use of 2016 Guidelines, stating that the Court

13 should apply the 2015 Guidelines because the offense took place before November 1,

14 2016, when the new Guidelines took effect.  Hr'g Tr. at 8:23-25.  The Government

15 agreed it would be appropriate to apply the 2015 Guidelines in the present case, after

16 which the Court adopted the 2015 Guidelines, and sentenced Defendant to 37 months, the

17 low end of the applicable range.  The Court considered Petitioner's prior convictions,

18 which included sexual abuse of a child and failure to register, weighed against the

19 amount of time that had passed since the convictions occurred and the lack of other

20 convictions in Mexico or the United States.  Hr'g Tr. at 3-7.

21     The Court applied the principles set forth in § 1B1.11,  properly determining the

22 Guideline range and considering all of the § 3553(a) factors before announcing a

23 sentence at the lower end of the range which was the most favorable outcome for

24 Petitioner. See *Gall v. United States*, 552 U.S. 38, 51 (2007).  For these reasons,

25 Petitioner's claim that he received an excessive sentence because the Court improperly

26 applied the 2015 Guidelines is meritless, and the Court **DENIES** the claim.

27

28

4

1      **B.**    *Ineffective Assistance of Counsel*

2      In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a

3 two-prong test to determine whether counsel's assistance was so defective as to require

4 reversal of a conviction. First, petitioner must show that counsel's performance was

5 deficient. *Id.* at 687. In order to prove deficient performance, petitioner must

6 demonstrate that counsel "made errors so serious that counsel was not functioning as the

7 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* In other words,

8 petitioner must demonstrate that counsel's representation fell below an *objective* standard

9 of reasonableness, considering all the circumstances presented in a particular case. *Id.* at

10 688. The Supreme Court further elaborated that there is a "strong presumption that

11 counsel's conduct falls within the wide range of reasonable professional assistance. . . ."

12 *Id.* at 699.

13      To satisfy the second prong of the *Strickland,* petitioner must prove that counsel's

14 deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. In order to

15 prove prejudice, petitioner must demonstrate that counsel's errors were so serious as to

16 deprive the defendant of a fair and reliable trial. *Id.* Otherwise stated, the petitioner must

17 demonstrate that there is a reasonable probability that, but for counsel's defective

18 assistance, the result of the proceeding would have been different. *Id.* at 694.

19      Petitioner claims that he received ineffective assistance of counsel because defense

20 counsel allowed the Court to apply the incorrect Sentencing Guidelines resulting in an

21 excessive sentence, and he did not receive requested copies of his file from his appointed

22 attorney, including sentencing transcripts. (*Pet*. at 8).

23      Despite Petitioner's assertions, the record reflects that defense counsel objected to

24 the Court's initial application of the 2016 Guidelines, instead reminding the Court that

25 the offense occurred when the more favorable 2015 Guidelines were in place. As a result,

26 Petitioner received a better result due to his counsel's performance, and his claim is

27

28

5

without merit.  Furthermore, Petitioner's complaints about not receiving the sentencing transcript from his appointed counsel do not bear on the outcome of his 2016 sentencing.

For these reasons, the Court finds no merit to Petitioner's claims that he received ineffective assistance of counsel, and **DENIES** the claim.

C. *Prior Offenses*

Petitioner claims that the Court "stated at sentencing that it was imposing Petitioner's sentence also for offenses that Petitioner may have previously committed that the court may have been unaware of" which is clearly an improper ground for sentencing determinations.  (*Pet*. at 8).

The Court finds no evidence in the record that it considered offenses Petitioner may have committed as part of the sentencing calculations.  While the Court did state that "[h]e should probably also be charged with a failure to register, another one, but I guess if he was caught right at the border, he wouldn't have had that chance," there is no indication that the Court considered this as part of the sentencing.  Instead, the Court laid out the proper Sentencing Guidelines, weighed the 3553(a) factors, and ultimately sentenced Petitioner to a low-end 37 month sentence. For these reasons, the Court finds Petitioner's argument meritless, and **DENIES** the claim.

IV. <u>CONCLUSION & ORDER</u>

In light of the above, the Court **DENIES** the Petition and further, finds that the issues presented in the Petition were neither debatable among jurists of reason, nor would another court resolve the issues in a different manner.  Accordingly, a Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 22, 2020

Hon. M. James Lorenz
United States District Judge

6